Judgment in a Criminal Case
Defendant: Shawn Douglas Cr
Case Number: 4:02-CR-00006-Y(1)
Judgment -- Page 3 of 3

Case 4:02-cr-00006-Y Document 95 Filed 07/17/06 Page 1 of 4 PageID 17

ORIGINAL

4:02-CR-0064

report in person to the probation office in the district to which the defendant is released within seventy-two (72) hours of release from the custody of the Bureau of Prisons;

participate in a program approved by the U.S. Probation Office for treatment of narcotic addiction or drug or alcohol dependency that will include testing for the detection of substance abuse, and abstaining from the use of alcohol and all other intoxicants during and after completion of treatment;

refrain from any unlawful use of a controlled substance, submitting to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer;

notify the probation officer at least 10 days prior to any change of residence, standard condition no. 6 being applicable only to changes in employment;

provide to the U.S. Probation Officer any requested financial information; and

make all court-ordered child support payments on a timely basis, producing proof of payment to the probation officer within the first 5 days of each month, whether as a part of a written report required by his probation officer or otherwise.

## FINE/RESTITUTION

The Court does not order a fine or costs of incarceration because the defendant does not have the financial resources or future earning capacity to pay a fine or costs of incarceration.

Restitution is not ordered because there is no victim other than society at large.

## RETURN

I have executed this judgment as follows:

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 17
9:32
CLERK, U.S. DISTRICT COURT
By _____
Deputy

Defendant delivered on  5-3-06  to  U.S. Penitentiary

at  Leavenworth, KS , with a certified copy of this judgment.

Duke Terrell, Warden
~~United States Marshal~~

Partial / Executed
received from  OKL  Date 5-3-06
delivered to  LVN  Date 5-3-06
         VO   BOP Desk.

BY  Shaw E McKee, SISS
~~Deputy Marshal~~

# United States District Court

NORTHERN DISTRICT OF TEXAS
Fort Worth Division

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FEB - 6 2003

CLERK, U.S. DISTRICT COURT
BY _____
DEPUTY

UNITED STATES OF AMERICA

v.

SHAWN DOUGLAS CROPP

JUDGMENT IN A CRIMINAL CASE

Case Number: 4:02-CR-006-Y(1)
Aisha Saleem, Assistant U.S. Attorney
John T. Haughton, Attorney for Defendant

    On September 24, 2002, the defendant, Shawn Douglas Cropp, was found guilty of counts 1 and 2 of the two-count Superseding Indictment filed on August 14, 2002. Accordingly, the defendant is adjudged guilty of such counts which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. §§ 922(g)(1) & 924(a)(2) | Felon in Possession of a Firearm, Class C Felonies | July 25, 2000 | 1 and 2 |

    The defendant is sentenced as provided in pages 2 through 3 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

    It is ordered that the defendant pay a special assessment of $200 for counts 1 and 2 of the two-count Superseding Indictment, which shall be due immediately.

    It is further ordered that the defendant notify the United States Attorney for this district within thirty (30) days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Mailing Address:
Federal Medical Center-Jail Unit
3150 Horton Road
Fort Worth, Texas 76119

Defendant's Residence Address:
5131 Ben Day Murrin Road
Fort Worth, Texas 76126

February 3, 2002
Date of Imposition of Sentence

_Terry R. Means_
TERRY R. MEANS
U.S. DISTRICT JUDGE

SIGNED February __5__, 2003

Certified a true copy of an instrument
on file in my office on 2/6/03
Clerk, U.S. District Court
Northern District of Texas
By _____ Deputy

# IMPRISONMENT

The defendant, Shawn Douglas Cropp, is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 120 months on each of counts 1 and 2 of the two-count Superseding Indictment. The sentence imposed on count 1 shall run concurrently with the sentence imposed on count 2, for a total aggregate sentence of 120 months. The Court further orders this sentence to run consecutively to the state sentence imposed in Tarrant County, Texas, Criminal District Court No. 1, under case no. 783145.

The Court recommends that the defendant be placed in the Comprehensive Drug Treatment Program, if qualified.

The defendant is remanded to the custody of the United States Marshal.

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 3 years on each of counts 1 and 2 of the two-count Superseding Indictment. The terms of supervise release shall run **consecutively**.

While on supervised release, in compliance with the standard conditions of supervision adopted by this Court, the defendant shall:

( 1) not leave the judicial district without the permission of the Court or probation officer;
( 2) report to the probation officer as directed by the Court or probation officer and submit a truthful and complete written report within the first five (5) days of each month;
( 3) answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
( 4) support the defendant's dependents and meet other family responsibilities;
( 5) work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
( 6) notify the probation officer within seventy-two (72) hours of any change in residence or employment;
( 7) refrain from excessive use of alcohol and not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
( 8) not frequent places where controlled substances are illegally sold, used, distributed, or administered;
( 9) not associate with any persons engaged in criminal activity and not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
(10) permit a probation officer to visit the defendant at any time at home or elsewhere and permit confiscation of any contraband observed in plain view by the probation officer;
(11) notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;
(12) not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and
(13) notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement, as directed by the probation officer.

In addition the defendant shall:

not commit another federal, state, or local crime;

not possess illegal controlled substances;

not possess a firearm, destructive device, or other dangerous weapon;

## STATEMENT OF REASONS
(Not for Public Disclosure)

The Court adopts as its findings of fact the statements and the guideline applications in the presentence report, paragraphs 1 through 116, and the addendum dated January 9, 2003, subject to and including any findings made by the Court at the defendant's sentencing hearing.

**Guideline Range Determined by the Court:**

| | |
|---|---|
| Total Offense Level: | 23 |
| Criminal History Category: | VI |
| Imprisonment Range: | 92 to 115 months, per count |
| Supervised Release Range: | 2 to 3 years, per count |
| Fine Range: | $10,000 to $100,000 (plus cost of imprisonment/supervision) |

The Court imposed a sentence of 120 months, which is the statutory maximum. A six-year term of supervised release will allow the probation office to monitor the defendant within the community. The 120-month custody sentence, 5 months above the top of the guideline range and the consecutive running of the defendant's term of supervised release, are upward departures under U.S.S. G. § 4A1.3. These departures are warranted because the defendant's criminal history fails to adequately reflect the likelihood of recidivism or seriousness of the defendant's criminal history. The Court adopts the findings and conclusions of the probation office in paragraph 116 of the presentence report and the arguments of the government in its motion for upward departure.